MRS. LENA DEAN, ADMINISTRATRIX OF THE ESTATE OF J. C. DEAN, AND LENA DEAN, INDIVIDUALLY, v. W. G. DEAN.

(Filed 16 March, 1932.)

**Fraud C c—Evidence of fraud in this case held insufficient to be submitted to the jury.**

Where notes for the purchase price of lands are made payable to the grantor's son and not to the grantor, and after the grantor's death are found pledged as collateral for the son's note in a bank, and there is no evidence that the son was acting as the grantor's agent or that any confidential relationship existed between them or any other evidence in explanation: *Held,* the evidence of fraud is insufficient to be submitted to the jury in an action by the administrator of the grantor against the son to recover the value of the notes, and his motion as of nonsuit should have been granted.

CIVIL ACTION, before *Harding, J.,* at June Term, 1931, of BUNCOMBE.

J. C. Dean married and had two children, the defendant, W. G. Dean, and E. A. Dean. After the death of his first wife he married the plaintiff on 16 May, 1928. J. C. Dean owned a lot of land and sold the same to L. F. Gooley in an exchange of property. In the trade Gooley agreed to pay $1,860 in addition to the land which he received in the exchange. Gooley executed five notes, aggregating $1,860, payable to W. G. Dean. After the death of J. C. Dean the plaintiff qualified as his administratrix and brought a suit alleging that she was entitled to dower in various tracts of land, and also that the defendant, W. G. Dean, had wrongfully and fraudulently procured the notes of Gooley, amounting to $1,860. All matters in controversy were eliminated from the suit except the notes of $1,860.

The following issues were submitted to the jury:

1. "Did the defendant, W. G. Dean, fraudulently procure the execution of the purchase money notes for the Blue Ridge Avenue property

referred to in the complaint, from L. F. Gooley to himself instead of J. C. Dean, the grantor in the deed of J. C. Dean to L. F. Gooley, as alleged in the complaint?"

2. "Did the defendant, W. G. Dean, fraudulently hypothecate said notes with the Biltmore-Oteen Bank as collateral security for an indebtedness due said bank from the said W. G. Dean?"

3. "What damages, if any, is plaintiff entitled to recover of the defendant, W. G. Dean, by reason of the fraudulent acts of W. G. Dean?"

The jury answered the first issue "Yes," the second issue "Yes," and the third issue "$1,860."

From judgment upon the verdict the defendant appealed.

*Galloway & Galloway for plaintiff.*
*Marcus Erwin for defendant, W. G. Dean.*

BROGDEN, J. The defendant insists that there is no evidence of fraud, and consequently the motion for nonsuit should have been granted. All the pertinent evidence upon which fraud could be predicated, is contained in the following admission: "It is admitted that the five notes aggregating $1,860, were executed by L. F. Gooley to W. G. Dean as a part of the purchase price of Blue Ridge Avenue property described in deed from J. C. Dean to L. F. Gooley; that W. G. Dean endorsed said notes and deposited same in Biltmore-Oteen Bank as collateral security for said W. G. Dean note in said bank; that two of said notes have been paid, three have not been paid, and that said bank at this time holds said notes as collateral security for the unpaid part of the W. G. Dean note." There is no evidence tending to explain why said notes were made payable to W. G. Dean instead of J. C. Dean. There is no evidence that the son was acting as agent for his father, or that any confidential relationship whatever existed between father and son. In other words, the fact-status is substantially as follows: A father owns a piece of land and exchanges said land with a third party, receiving another parcel of land and notes aggregating $1,860. The notes are made payable to the son. Subsequently, the notes are found in a bank hypothecated as security for the indebtedness of the son.

This evidence scarcely rises to the dignity of a suspicion and does not disclose, upon the facts presented, the presence of fraud. The judgment of nonsuit should have been granted.

Reversed.